IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KENYA TEASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-CV-635 |
| | ) | |
| CORRINE LUSIC, RYAN BOYCE, | ) | |
| and BRYAN NICHOLS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The plaintiff, Kenya Teasley, has sued three employees of the State of North Carolina, asserting various causes of action arising out of how they handled her criminal records. Because she has not stated a claim upon which relief can be granted, the defendants' motion to dismiss will be allowed. Ms. Teasley's motion to file a second amended complaint will be denied as futile. Finally, because Ms. Teasley has repeatedly abused the litigation process, the defendants' motion for a pre-filing injunction will be granted.

### I. Procedural History

Ms. Teasley was the plaintiff in an earlier lawsuit alleging a private company had defamed her by publicly accusing her of a felony when it published certain records online. *Teasley v. Tyler Techs., Inc.*, No. 24-CV-629 (hereinafter "*Tyler*"). The Court dismissed her case after discovery, concluding that Ms. Teasley had offered no evidence

of any such publication and finding she had repeatedly violated court orders and abused the litigation process. *Tyler*, Doc. 78.

After that case was dismissed, Ms. Teasley filed the present suit against three state government employees arising out of their alleged actions during discovery in *Tyler*. Doc. 1. The defendants moved for a pre-filing injunction, Doc. 6, and to dismiss the complaint. Doc. 8. Ms. Teasley filed an amended complaint, Doc. 10, and the defendants moved to dismiss that complaint as well. Doc. 13. Ms. Teasley again responded in opposition, Doc. 18, and she filed a "motion for leave to file second amended complaint." Doc. 17. Briefing on all motions is complete.

## II. The Motions to Dismiss

In the original complaint, Ms. Teasley alleged that defendants Boyce and Lusic released an expungement order to a third party and that defendant Nichols released her fingerprint card to that same third party. Doc. 1 at ¶¶ 7, 9. She contends that these disclosures were illegal and violated her constitutional rights under the Equal Protection Clause. *Id.* at ¶ 11. The motion to dismiss the original complaint is moot, as that complaint has been superseded by the First Amended Complaint. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017).

In the first amended complaint, Doc. 10, Ms. Teasley alleges the same basic facts and repeats her equal protection claim. *Id.* at ¶¶ 1–6, 8–11, 12. She also alleges that defendant Lusic refused to send one of Ms. Teasley's public records to her. *Id.* at ¶ 7. Ms. Teasley adds claims for violations of her First Amendment rights, asserting separate causes of action based on her right to free speech, to petition, to "freedom of the press,"

and to assemble. *Id.* at ¶¶ 13–16. Finally, she asserts a due process claim under the Fourteenth Amendment. *Id.* at ¶ 17.

To the extent Ms. Teasley is complaining about public disclosure of private information, she does not have standing to assert these claims. The Constitution requires a plaintiff to show an injury in fact. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Conjectural and hypothetical injuries are not sufficient. *Id.* Yet it is apparent from the record in *Tyler* that the public disclosure which forms the basis for Ms. Teasley's claim never happened, so she cannot satisfy the injury in fact requirement.

Specifically, Ms. Teasley alleges she has been harmed by public disclosure of an expungement order and her fingerprint card in a public court filing. Doc. 10 ¶¶ 9, 11–12. The very court record she identifies contradicts this basic premise.[1] She alleges that a third party filed her records on the public docket on July 16, 2025. *Id.* at ¶ 9. But the only materials that party filed on that date were emails. *Tyler*, Docs. 70-1, 70-2, 70-3. None of those emails include a working link to Ms. Teasley's expungement order or fingerprint card.[2] Indeed, while Ms. Teasley alleges that anyone "could" access these

---

[1] A court can take judicial notice of its own court records. *See Azima v. Del Rosso*, No. 20-CV-954, 2022 WL 4537807, at *6 n.2 (M.D.N.C. Sep. 28, 2022) (collecting cases). In any event, a court is allowed to look beyond the pleadings when a defendant makes a factual challenge to standing. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

[2] One of the emails includes a link, but clicking on it leads to a page that says, "Message Unavailable." *Tyler*, Doc. 70-3 at 2. The fact that that the plaintiff could open the link when the email was originally sent to her does not support a plausible inference that the link worked when the email was later filed on the court docket, much less an inference that anyone other than the plaintiff accessed the link. Disclosure of the plaintiff's sensitive information to the plaintiff herself is not a constitutionally cognizable injury. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 439 (2021).

3

materials, she does not allege that she or anyone else ever did access these materials from the public court docket. *See* Doc. 10; *Holmes v. Elephant Ins. Co.*, 156 F.4th 413, 425 (4th Cir. 2025) (noting in the context of a public disclosure tort that there is no concrete injury and thus no standing without allegations that private information was widely shared).

Even if Ms. Teasley had standing, she has not stated a claim for an Equal Protection violation. To state a claim under the Equal Protection Clause, a plaintiff must plausibly allege (1) that she was treated differently from others who are similarly situated and (2) that the unequal treatment was the result of intentional or purposeful discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001); *English v. Clarke*, 90 F.4th 636, 649 (4th Cir. 2024). Ms. Teasley has not alleged any facts to show such unequal treatment. To the extent her complaint can be understood to allege that she was treated differently from others who have expungement orders and fingerprint cards in the care of the defendants, the Equal Protection Clause does not require perfect uniformity in such contexts. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603 (2008). Ms. Teasley's attempt to constitutionalize a dispute over record-handling procedures is precisely the type of claim that *Engquist* warns against. *See id.* at 603–04.

Ms. Teasley also has not stated a claim for any First Amendment violation. It is a mystery how the conduct alleged violated any of her First Amendment rights. She alleges that one of the defendants refused to provide her with a public record, but it is not clear what that record is or why she has a First Amendment right to receive it. The First Amendment does not mandate "a right of access to government information or sources of

4

information within the government's control." *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978). The Fourth Circuit has similarly held that "there is generally no First Amendment claim based on the government's denial of access to" information that the government compiles, controls, or maintains. *Fusaro v. Cogan*, 930 F.3d 241, 250 (4th Cir. 2019); *Open Just. Balt. v. Balt. City L. Dep't*, No. 23-2293, 2024 WL 5182408, at *3 (4th Cir. Dec. 20, 2024). Ms. Teasley alleges that she "had plans to use this public record" in various ways. Doc. 10 at ¶¶ 13–16. But a conclusory assertion does not give rise to a plausible claim that her rights to speak, to assemble, or to petition were violated, nor does she allege any facts showing that the "freedom of the press" has been infringed by the defendant's alleged conduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.").

Finally, she alleges that the denial of access to public records concerning her violated her due process rights because she "had plans to use this public record information for her upcoming appeal" in *Tyler*. Doc. 10 at ¶ 17. That conclusory assertion does not state a claim. *Iqbal*, 556 U.S. at 678.

The motion to dismiss will be granted.

### III. The Motion to Amend

After the defendants moved to dismiss the first amended complaint, Ms. Teasley moved for leave to file a second amended complaint. Doc. 17 (motion); Doc. 17-1 (proposed second amended complaint). Rule 15(a)(2) provides that district courts "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).

5

But courts have discretion to deny leave to amend if the proposed amendment would be futile. *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021). That is the case here.

While Ms. Teasley has added some new allegations, her legal claims remain the same. As discussed *supra* at 2–3, she does not have standing to assert the equal protection claim, and there is no First Amendment right to government emails. None of the additional allegations give rise to a due process claim. Ms. Teasley's proposed second amended complaint would remedy none of the fatal flaws present in her first amended complaint. Denial is appropriate because amendment would be futile.

Courts can also deny motions for leave to amend if a party is acting in bad faith. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986). All the facts show that to be the case here.

First, as already noted, a foundational allegation in the original complaint, the first amended complaint, and the proposed second amended complaint is that a third party made Ms. Teasley's expungement order public in a court filing in *Tyler*. Doc. 1 at ¶ 8; Doc. 10 at ¶ 9; Doc. 17-1 at ¶ 8. That is untrue, as a review of the docket in *Tyler* shows. *Supra* at 3.

Second, this is not the first time the plaintiff has made false allegations. In *Tyler*, she alleged that the defendant in that case libeled her by falsely accusing her of committing a felony. But during discovery, she refused to provide any information about her criminal history despite a court order. *Tyler*, Doc. 78 at 7. At summary judgment, she produced no evidence to support her libel claim. *See id.* at 13. Throughout that case, she

6

Case 1:25-cv-00635-CCE-JLW    Document 22    Filed 12/01/25    Page 6 of 11

was dishonest in her discovery responses and tried to mislead the Court. *Id.* at 6. She repeatedly cast unjustified aspersions on the lawyers in that matter, despite a court warning to stop. *Id.* at 3-4. She also filed several frivolous motions. *See id.* at 14.

Third, Ms. Teasley has a history of abusing the litigation process. As just detailed, she did so in *Tyler*. As a result of other lawsuits against other state employees, the Superior Court in Durham County has entered a pre-filing injunction against Ms. Teasley which details the filing of "frivolous pleadings in numerous forums, which wholly lack any conceivable merit," and in which Ms. Teasley repeatedly contends that state employees, judges, and attorneys are engaged in a conspiracy against her. Doc. 7-1. She has made the same accusations here in this case, *see, e.g.*, Doc. 21 (disparaging defense counsel), and in *Tyler*. *See Tyler*, Text Order 5/23/25. In yet another federal case, she wasted court resources, filing not one, not two, not three, but four amended complaints in response to defense motions; that case was ultimately dismissed because she did not obtain valid service of process. *Teasley v. Stein*, No. 20-CV-1166, Doc. 36.

Ms. Teasley is on the same track here. There is plenary evidence of bad faith, and the Court so finds. This constitutes another reason to deny the motion for leave to amend.

IV. **The Motion for a Pre-Filing Injunction**

Finally, the defendants move for a pre-filing injunction. Doc. 6. Courts have the inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) (holding that federal courts "have both the

7

inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions"). Appropriate sanctions may include "outright dismissal of a lawsuit," "an assessment of attorney's fees," *Chambers*, 501 U.S. at 45, or varied lesser penalties. *See Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 811 (3d Cir. 1992) ("[W]e and other courts have repeatedly emphasized the discretion of the district court in tailoring an appropriate sanction.").

The All Writs Act, 28 U.S.C. § 1651(a), authorizes district courts to restrict access to federal courts by "vexatious and repetitive litigants." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *see also Armstrong v. Koury Corp.*, 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998). Because the Constitution guarantees due process of law and access to the courts, this drastic sanction should be used sparingly and with particular caution as to *pro se* plaintiffs. *Cromer*, 390 F.3d at 817–18. To determine whether a pre-filing injunction is appropriate, a court must evaluate all relevant circumstances, such as

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions."

*Id.* at 818.

Even if a court determines that a pre-filing injunction is warranted, the injunction must be "narrowly tailored to fit the specific circumstances at issue." *Id.* It must have appropriate boundaries; it may address filings "in a particular action or related actions," but it should not bar plaintiffs from filing unrelated suits. *Thomas v. Fulton*, 260 F. App'x

8

594, 596 (4th Cir. 2008) (cleaned up); *see also Farley v. Bank of Am., N.A.*, No. 25-1171, 2025 WL 1513619, at *1 (4th Cir. May 28, 2025).

Before entering a pre-filing injunction, a court must provide the party notice that she may be subject to a pre-filing injunction and an opportunity to be heard. *Cromer*, 390 F.3d at 819. Here, the defendants filed a motion for such an injunction and served it on Ms. Teasley. They lay out the facts summarized in this order and more, cover the law that applies to pre-filing injunctions, and attach evidence to support their assertions. Docs. 6, 7, 7-1, 7-2, 7-3. Ms. Teasley responded in opposition to the motion for a pre-filing injunction, showing that she knew such a proposed injunction was before the Court. She has had the required notice. *See, e.g.*, *Luther v. Wells Fargo Bank, N.A.*, No. 16-CV-13, 2016 WL 3948109, at *7 (W.D. Va. July 18, 2016).

In opposition to the motion, Ms. Teasley's total response is that:

> [Defense counsel] has let the Plaintiff down. She was depending on her to file all of the emails sent. This is the result of when people snap when they are being handled, lied on and played with. The Plaintiff is a firm believer of leaving people alone and let them be.
> The motion should be denied for the following reasons:
> 1) [Defense counsel] is acting as if she knows for sure this Complaint will be dismissed. She never even responded to the information the Plaintiff sent her on August 20, 2025.
> 2) The Plaintiff has not misused the judicial process. The Plaintiff has only exposed how the judicial process really operates. There are some people who do not like this and the Plaintiff couldn't care less. These same people want to apply the law how they want it to benefit them and the people they know, instead of how it is written.

Doc. 16. This is characteristic of Ms. Teasley's briefing throughout this case and *Tyler*; instead of responding to the merits, she disparages counsel and asserts superior

9

knowledge of the law without supporting her contentions with citations to cases, statutes, or other legal authority.

A pre-filing injunction is entirely appropriate. Ms. Teasley has already been financially sanctioned for discovery abuses, flaunting procedural rules, and disobeying a court order. *Tyler*, Docs. 47, 48. In *Tyler*, she made a factual assertion that she never supported with any evidence and that the opposing party refuted with undisputed evidence. *Tyler*, Doc. 78 at 13. She was warned that ongoing personal attacks against defense counsel could result in striking her submissions or dismissal of her case. *Tyler*, Doc. 18 at 12; Text Order 05/23/25. Yet she continued to make unfounded suggestions that defense counsel was acting illegally. *See, e.g.*, *Tyler*, Doc. 55 at 6. Her lawsuit against Tyler Technologies was dismissed for violating court orders and abusing the litigation process. *Tyler*, Doc. 78 at 11–12. She then filed this lawsuit against state employees that again included frivolous allegations. *See* discussion *supra* at 2–3. And she has sent vulgar and harassing emails to counsel in *Tyler* and in this case. Doc. 7-2.

Warnings have not worked. Financial sanctions have not worked. Dismissal of an earlier lawsuit as a sanction has not worked. In her emails to counsel, she makes it clear that she will not cease her abusive conduct. Doc. 7-2. A pre-filing injunction is necessary and appropriate to put an end to Ms. Teasley's abuse of the court system.

Most of Ms. Teasley's abusive conduct has been directed towards North Carolina attorneys and state employees. Therefore, the Court will enjoin Ms. Teasley from filing any lawsuit against any North Carolina attorney or state employee without leave of court.

It is **ORDERED** that:

1. The defendants' motion for a pre-filing injunction, Doc. 6, is **GRANTED**. The injunction will be entered separately.

2. The defendants' motion to dismiss for failure to state a claim, Doc. 8, is **DENIED as moot**.

3. The defendants' motion to dismiss the amended complaint, Doc. 13, is **GRANTED**.

4. The plaintiff's motion for leave to file a second amended complaint, Doc. 17, is **DENIED**.

5. Judgment will be entered separately.

This the 1st day of December, 2025.

_____
UNITED STATES DISTRICT JUDGE